# BIG COTTONWOOD TANNER DITCH CO. v. SHURTLIFF et al.

No. 3213. Decided August 22, 1918. (174 Pac., 1124.)

1. APPEAL AND ERROR—TAXATION OF COSTS—AFFIDAVIT OF COUNSEL—PRESUMPTIONS. Upon an appeal from a judgment for costs rendered upon remittitur from the Supreme Court, the items in the memorandum contained in the affidavit of counsel, setting forth costs, must be presumed true, in the absence of a showing to the contrary. (Page 8.)

2. APPEAL AND ERROR—JUDGMENT FOR COSTS AFTER REMITTITUR—EVIDENCE—PRESUMPTIONS. In view of Comp. Laws 1907, section 3351, providing for filing of cost bill after remittitur, and section 3350, providing for retaxation, it will be presumed, in the absence of a contrary showing, that the court passing on motion to retax

6 SUPREME COURT OF UTAH. [Aug.

Big Cottonwood Tanner Ditch Co. v. Shurtliff et al., 54 Utah 5.

had evidence sufficient to determine whether the items were just, reasonable, and in compliance with statute and rules of court. (Page 8.)

3. COSTS—MEMORANDUM OF COSTS—AMENDMENT—DISALLOWANCE OF CHARGE. That a memorandum of costs filed after remittitur from the appellate court is deficient in not specifying items constituting certain charges is not ground for disallowance, and amendment of the memorandum in such particulars should be allowed. (Page 9.)

Appeal from the District Court of Salt Lake County, Third District; *Hon. W. H. Bramel,* Judge.

Action by the Big Cottonwood Tanner Ditch Company against Vincent Shurtliff and another.

From judgment entered against the plaintiff after remittitur from the Supreme Court in a previous appeal, plaintiff appeals.

AFFIRMED.

*D. W. Moffat* of Murray, for appellant.

*Stewart, Stewart & Alexander* and *James Ingebretsen,* all of Salt Lake City, for respondent.

CORFMAN, J.

This is an appeal taken from a judgment for costs. Said costs were taxed and entered against the present appellant by the district court of Salt Lake County after remittitur issued from this court in a former appeal of this case. *Big Cottonwood Tanner Ditch Co.* v. *Shurtliff,* 49 Utah, 569, 164 Pac. 856.

On the former appeal costs were awarded May 5, 1917, to the defendants, then appellants, now respondents. Upon filing the remittitur from this court in the district court, the defendants, within thirty days thereafter, proposed and served upon the plaintiff a copy of the memorandum of their costs on the appeal, and delivered to the clerk of the district court the

original, which was filed in said district court June 2, 1917, in form following:

"(Title of Court and Cause.)

"Costs on Appeal.

| | | |
|---|---|---|
| Transcript on appeal...................................... | $431 | 30 |
| Filing transcript on appeal........................ | 12 | 00 |
| Printing abstract .............................. | 269 | 25 |
| Printing brief ............................... | 55 | 50 |
| Issuing remittitur ............................. | 10 | 75 |
| Filing remittitur ............................. | 1 | 00 |
| Costs in district court, preparing transcript on appeal ................................... | 5 | 00 |
| | $784 | 80 |

"(Duly verified.)

"Copy of the foregoing memorandum received this 1st day of June, 1917.

"(Signed)    David W. Moffat.

"Attorney for Plaintiff."

On November 19, 1917, more than five months after the service on plaintiff and the filing of the memorandum of costs, with the clerk of the district court, the plaintiff served on the defendants and filed in said court its motion to retax and disallow said costs on the grounds: First, items 1, 3, 4, and 7 are not sufficiently itemized and are excessive; second, all of the cost bill on the grounds that it is not sufficiently itemized and excessive. The motion, when presented to the court December 29, 1917, was denied and order made that judgment be stayed for 10 days. Thereafter the judgment for costs was duly entered, from which the plaintiff appeals.

The plaintiff assigns as errors the refusal of the court to retax and disallow the costs upon the plaintiff's said application, and the entering of the judgment.

The defendants move this court to dismiss the appeal upon the following grounds:

"(1)    The appeal was not taken within six months from the entry of the judgment or the order appealed from.    (2)    That

said purported appeal is not taken from any judgment rendered or order made by the court in the above-entitled cause, or from any judgment or order disclosed by the record before the court. (3) That no good, sufficient, or proper undertaking on appeal was filed within five days after service of the notice of appeal and no deposit of money or cash bond filed within five days after the service of notice of appeal. (4) That the district court had no jurisdiction to hear or pass on the motion of the appellant to retax costs for the reason that the memorandum of costs and disbursements on appeal taxed by Vincent Shurtliff and Mary E. Shurtliff was served on the appellant on June 1, 1917, and was filed with the clerk of the district court on June 2, 1917; that the motion to disallow and strike out certain portions of the cost bill was not served and filed until November 19, 1917, 5 months and 18 days after the filing of the cost bill. (5) Appellant did not prepare and file an abstract as required by rule 6 of the Supreme Court and as required by law. No proper abstract was filed. Said abstract contains no index and does not contain the date or times of the filing of the papers in the court below embodied in the transcript or judgment roll, and does not refer to the page numbers in the transcript on the margin of the abstract as required by rule 6. (6) It appears from the face of the record that the appeal is frivolous, is not in good faith, and is made for the purpose of delay.''

We are of the opinion that this appeal is without merit. It is unnecessary to discuss or pass on all the questions raised by the defendants' motion to dismiss the appeal.

Comp. Laws 1907, section 3351, in force at the time of the entry of the judgment complained of by plaintiff, provides:     1, 2

''Whenever costs are awarded to a party by an appellate court, if he claims such costs he must, within thirty days after the remittitur is filed with the clerk below, deliver, to such clerk a memorandum of his costs, verified as prescribed by the preceding section, and thereafter he may have an execution therefor as upon a judgment. The costs to be awarded to a party as provided in this and the preceding sections shall

include the reasonable cost of printing transcripts and briefs, and the cost of transcribing the stenographer's notes or minutes of the trial or hearing."

'Comp. Laws 1907, section 3350, so far as material here, provides:

"* * * *A party dissatisfied with the costs claimed may, within five days after notice of filing of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers."* (Italics ours.)

Assuming, without deciding, that the plaintiff's motion to retax and disallow costs was filed in time, yet there is nothing in the record before us from which we can determine whether or not the several items complained of are incorrect or unreasonable. We will presume, in the absence of anything before us to the contrary, that the affidavit of counsel for defendants is true, namely, "that the items in the memorandum contained are correct, * * * and that the said disbursements have been necessarily incurred in said action." We will assume, also, in the absence of a showing to the contrary, that the trial court, in passing on plaintiff's motion to retax the costs, had before it sufficient evidence to enable it to find that the several items contained in the memorandum were just and reasonable, and that the charges made by the defendants were in compliance with the statutes and the rules of the Supreme Court.

While we think the memorandum is deficient in failing to more specifically state what constitutes the items charged (for example, "Printing abstract, $269.20"), and should have stated the number of pages and the charge per page, yet the failure to do so affords no ground for disallowance of the charge. The defendants should have the right to amend their memorandum in that particular, or the court might retax in accordance with the facts found.

For the reasons stated the judgment of the district court is affirmed; defendants to recover costs.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.